FILED

MAR 28 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC

    Plantiff

v.   Case No. 4:19-cv-00167-KAW

JOHN DOE SUBSCRIBER ASSIGNED IP
ADDRESS 76.103.77.3

    Defendant

### JOHN DOE'S MOTION TO QUASH SUBPOENA

John Doe, on behalf of himself, hereby files this motion to quash any and all subpoenas for production of documents, specifically the subpoena issued by the Northern District of Northern California on January 30, 2019 and served on Comcast Cable Communications, for the following reasons:

Pursuant to Fed.R.Civ.Proc. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for the file transferred at the time alleged, or that Doe copied, distributed, or otherwise infringed on a protected work owned by the plaintiff. Furthermore, Doe has acquired and submitted a written memorandum that would corroborate Doe's assertion to the lack of accuracy in implicating this Doe in the alleged infringement.

The Charter Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating Doe in the alleged infringement.

WHEREFORE, Plaintiff respectfully requests that this Court grant Doe's Motion based upon this notice of motion, and the attached memorandum.

Dated 3/28/19

Case No. 4:19-cv-00167-KAW

March 28, 2019

    I am writing this letter to the Court in regards to the individual mentioned in the complaint. I have been a neighbor of the individual for 8+ years. During this time, I have used his wireless internet service as my primary source to obtain internet access. Other members of my household use this service as well. During this time period of over 8 years, I can say that I have, on occasion, downloaded songs and movies. I have also used this wireless internet service to access live Pay-Per-View sporting events (Boxing Matches) through streaming sites. I am also aware that other members of our residential housing complex would frequently use the same wi-fi, as it was the only one that could be accessed without a password.

Thank you for your attention to this matter.

Sincerely,

*Ken Burton* (signature)

Ken Burton