UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.103.77.3,<br><br>Defendant. | Case No. 4:19-cv-00167-KAW<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 11 |

On March 28, 2019, Defendant John Doe filed a motion to quash a subpoena that Plaintiff Strike 3 Holdings, LLC issued to his internet service provider ("ISP"), Comcast Cable Communications ("Comcast"), seeking the subscriber information for the IP address that Plaintiff has connected to the alleged infringement of its copyrights in pornographic films.

Upon review of the moving papers, the Court finds that the motion can be resolved without oral argument pursuant to Civil Local Rule 7(b), and DENIES Defendant's motion to quash the subpoena and orders Plaintiff to serve a copy of this order on Comcast.

## I. BACKGROUND

Plaintiff Strike 3 Holdings, LLC has filed dozens of copyright infringement cases in this district pertaining to its ownership of adult-content movies distributed through its websites. (Compl., Dkt. No. 1 ¶¶ 2-3.) Plaintiff alleges that Defendant has used the BitTorrent protocol to download and distribute Plaintiff's movies to others in violation of Plaintiff's copyrights in the material. (Compl. ¶ 4.) Specifically, Defendant has infringed Plaintiff's copyrights in 99 movies over an extended period of time. (*Id.*, Compl., Ex. A.) Defendant is known to Plaintiff only by his IP address 76.103.77.3, which is maintained by Comcast. (Compl. ¶ 5.)

On January 9, 2019, Plaintiff filed the complaint. Thereafter, Plaintiff filed an ex parte

application for leave to serve an early third-party subpoena on Comcast in order to identify the name and address of the subscriber associated with the IP address connected to the allegedly infringing conduct. The Court found that Plaintiff showed good cause to permit early discovery and granted permission for Plaintiff to serve the subpoena on Comcast, which included provisions to protect the defendant subscriber's privacy. (Dkt. No. 12.) Plaintiff served a subpoena on Comcast, and, on March 28, 2019, Defendant filed a motion to quash the subpoena. (Def.'s Mot., Dkt. No. 11.) On April 12, 2019, Plaintiff filed an opposition.[1] (Pl.'s Opp'n, Dkt. No. 14.) Defendant did not file a reply, so the motion is fully briefed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)). Pursuant to Federal Rule of Civil Procedure 26, in a civil action, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Notwithstanding, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

---

[1] The Court notes that Plaintiff's opposition was filed one day late, as it was due on April 11, 2019. Nonetheless, the undersigned will consider the arguments raised. Counsel is advised that the failure to timely file an opposition in the future "shall constitute consent to the granting of the motion." (Judge Westmore's General Standing Order ¶ 22.)

1  26(b)(2)(C). Rule 45 further provides that "the court for the district where compliance is required
2  must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires
3  a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure
4  of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person
5  to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Generally, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Drummond Co., Inc. v. Collingsworth*, 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18, 2013) (quoting 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2459 (3d ed. 2008)). If good cause is shown, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

The moving party bears the burden of persuasion on a motion to quash, but the party issuing the subpoena must demonstrate that the discovery is relevant. *See, e.g., Chevron Corp. v. Donziger,* No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).

### III.   DISCUSSION

In the motion, Defendant contends that being the target of this civil action is an undue burden, because there "is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible" for the alleged infringement. (Def.'s Mot. at 1.) Defendant also improperly attaches what appears to be a letter from a neighbor stating that he and his family have been using Doe's unsecured wireless internet connection for years to access streaming sites, and that he knows that others in their housing complex have used it as well. (Def.'s Mot. at 2.)

In sum, Defendant claims innocence. While this may be true, at this juncture, Plaintiff is simply attempting to ascertain the subscriber's identity, and is, therefore, permitted to subpoena the ISP for the defendant's identifying information, and conduct an initial investigation into the

defendant. *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). Thus, the fact that other people have access to Defendant's unsecured, wi-fi is immaterial. To the extent that Defendant believes that Plaintiff will be unable to prove its case, that argument is similarly premature, as Plaintiff is only trying to ascertain the defendant subscriber's identity.

Even so, Plaintiff contends that the subscriber information is relevant to the case, because, while the subscriber is not necessarily the infringer, the only party that Plaintiff knows of with continuous access to the IP address is the subscriber defendant. (Pl.'s Opp'n at 6.) Thus, Plaintiff needs the subscriber information to conduct a good faith investigation. *See id.* The Court agrees.

Accordingly, Plaintiff has shown that the subscriber information is relevant, and, since Defendant's claims of noninfringement have no bearing at this juncture, the Court DENIES Defendant's motion to quash the subpoena.

### IV. CONCLUSION

In light of the foregoing, Defendant's motion to quash the subpoena is DENIED.

IT IS SO ORDERED.

Dated: April 25, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge